LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4318 GAF (RZx) | Date | July 16, 2013 |
|---|---|---|---|
| Title | Speculative Product Design LLC v. Brian McManus et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

**ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION & VENUE**

**I.
INTRODUCTION AND BACKGROUND**

Plaintiff Speculative Product Design, LLC d/b/a/ Speck Products, a California LLC, with its principal place of business in Mountain View, California, is a leading "form fit cellular telephone case company," which "designs and manufactures cases for the mobile accessories market." (Docket No. 1, [Compl.] ¶¶ 1, 11-12.) Plaintiff asserts that Defendant Brian McManus, a resident of Baldwin, New York, uses Amazon.com, among other things, to sell and distribute counterfeit goods bearing Plaintiff's marks without its consent. (Id. ¶¶ 2, 19-20.)

Plaintiff is the exclusive owner of federally-registered trademarks, including Registration Nos. 3,663,010 (Speck); 3,666,082 (design mark consisting of an asterisk between parenthesis and Speck in stylized letters); 3,666,072 (design mark consisting of an asterisk between parentheses), and 3,817,709 (Candyshell) (the "Trademarks"). (Compl. ¶¶ 17(a)-(d), Exs. A-D.) In this lawsuit, Plaintiff alleges that Defendant uses Amazon.com, among other things, to sell and distribute counterfeit Speck products bearing the Trademarks, using the seller ID "StarPod Incorporated". (Compl. ¶¶ 19-20, 22.) Plaintiff further alleges that "[o]n or about February 25, 2013 . . . Plaintiff purchased a purported 'CandyShell Speck Glossy Case for iPhone 5 5G Retail Packaging - Blue/Black' from Defendants for a cost of $16.23." (Id. ¶ 24, Ex. E [Receipt].) This product was received in Antioch, California, and was determined to be counterfeit. (Id. ¶ 25, Receipt.)

Plaintiff filed suit in this Court on June 14, 2013 and asserted violations of § 32 of the Lanham Act, 15 U.S.C. § 1114 (trademark infringement); § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (false designation of origin/unfair competition/false advertising); § 43(c) of the

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4318 GAF (RZx) | Date | July 16, 2013 |
|---|---|---|---|
| Title | Speculative Product Design LLC v. Brian McManus et al | | |

Lanham Act, 15 U.S.C. § 1125(c) (trademark dilution); and Cal. Bus. & Prof. Code §§ 17200 et seq. (unfair business practices).  Plaintiff has yet to file a proof of service; Defendant has yet to answer or otherwise appear.

For the reasons discussed below, the Court cannot presently determine whether it may exercise personal jurisdiction over Defendant or whether this action is properly venued. Accordingly, Plaintiff is **ORDERED to show cause** why the case should not be dismissed for lack of personal jurisdiction and/or transferred/dismissed for lack of proper venue.

**II.
DISCUSSION**

**A. PERSONAL JURISDICTION**[1]

**1. LEGAL STANDARD**

Because this Court sits in California and no federal law governs personal jurisdiction over this case, the Court must apply California's long-arm statute.  Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process."  Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008); see also Cal. Civ. Proc. Code § 410.10.  Under federal due process standards, to exercise personal jurisdiction over a non-resident defendant, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The extent and type of contacts a defendant may have with the forum state can give rise to two types of jurisdiction: general or specific.  Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).

"If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities."  Id. at 1287 (citation omitted).  Specific jurisdiction may be established where the plaintiff's claims

---

[1] The Court is aware of the "the longstanding rule that personal jurisdiction, in the traditional sense, can be waived and need not be addressed sua sponte."  Smith v. Idaho, 392 F.3d 350, 355 n. 3 (9th Cir. 2004).  Defendant has not yet responded or otherwise waived or consented to personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4318 GAF (RZx) | Date | July 16, 2013 |
|---|---|---|---|
| Title | Speculative Product Design LLC v. Brian McManus et al | | |

derive from the defendant's contacts with the forum state. Id. To establish specific jurisdiction, a plaintiff must show that a defendant "either purposefully availed [themselves] of the privilege of conducting activities in California, or purposefully directed [their] activities toward California." Schwarzenegger, 374 F.3d at 802. A purposeful direction analysis is most often used in suits, such as this trademark action, that sound in tort. Id.; see also Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (stating a trademark infringement action is "akin to a tort case"). To determine whether jurisdiction is proper under the "purposeful direction" prong, the Ninth Circuit employs the Calder v. Jones, 465 U.S. 783 (1984) "effects test" which requires proof of three elements: "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing Schwarzenegger, 374 F.3d at 803). To satisfy this test, the brunt of the alleged harm need not have been suffered in the forum state so long as a "jurisdictionally sufficient" amount of harm is suffered. Id. at 1207.

2. **APPLICATION**

In this case, neither Plaintiff nor Defendant is a resident of the Central District. Plaintiff does not allege, in other than the most conclusory fashion, continuous and systematic contacts between Defendants and this forum supporting the exercise of general jurisdiction. Nor has it shown that Defendant, a New York resident, expressly aimed his tortious conduct at California, causing harm that they knew was likely to be suffered in California, supporting the exercise of specific personal jurisdiction. Moreover, there is no evidence in this case suggesting that Defendant's use of Amazon.com, despite being interactive, targets or is in any way directed toward California. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1230–32 (9th Cir. 2011). Indeed, on the available evidence, Defendant's only contact with California is a single sale of a counterfeit cell phone case to Plaintiff itself (see Receipt), and the Court is not aware of any case in which jurisdiction was found based on one sale to the forum. In fact Ninth Circuit authority strongly indicates otherwise. See Boschetto, 539 F.3d at 1019 ("At bottom, the consummation of the sale via eBay here is a distraction from the core issue: This was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there.") Accordingly, the evidence before the Court suggests that personal jurisdiction may not be properly asserted in this district over Defendant in this case.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4318 GAF (RZx) | Date | July 16, 2013 |
|---|---|---|---|
| Title | Speculative Product Design LLC v. Brian McManus et al | | |

**B. VENUE**

    **1. LEGAL STANDARD**

A district court may, in the absence of waiver, "dismiss a complaint sua sponte for improper venue." Zhu v. Whinery, 109 Fed. Appx. 137, 138 (9th Cir. 2004) (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)). Pursuant to the Federal Rule of Civil Procedure, venue is proper for a civil action in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

    **2. APPLICATION**

Here, Plaintiff has failed to indicate why it believes the Central District of California is the proper venue for this action. Though Plaintiff states that venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district," (Compl. ¶ 10), the Court finds that assertion contradicted by Plaintiff's own Complaint. This case arises out of Plaintiff's purchase of a product allegedly sold by Defendant through Amazon.com. That product was sold by a Defendant residing in Baldwin, New York, and shipped to an address in Antioch, California. (Id. ¶ 2, Receipt.) Needless to say, neither of those places are in the Central District of California. Antioch is in Contra Costa County, which is in the Northern District of California. So far as the Court can tell, no venue-relevant actions occurred in this District. Accordingly, the evidence before the Court suggests that the Central District of California is not the proper venue.

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4318 GAF (RZx) | Date | July 16, 2013 |
|---|---|---|---|
| Title | Speculative Product Design LLC v. Brian McManus et al | | |

**III.
CONCLUSION**

Based on the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE no later than the close of business on Friday, August 2, 2013,** why this case should not be dismissed for lack of personal jurisdiction and/or transferred/dismissed for improper venue.[2]

  **IT IS SO ORDERED**.

---

[2] In responding to this order to show cause, Plaintiff is strongly urged to read this Court's prior order in Sennheiser Electronic Corporation et al v. Kseniya Evstigneeva et al, CV 11-7884 GAF (FFMx), Docket No. 19.